NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUTHER CHARLES,<br><br>               Plaintiff,<br>    v.<br>KEURIG DR PEPPER INC,<br><br>               Defendant. | Civil Action No.: 2:19-cv-08857<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

**I.    Introduction**

This matter comes before the Court on the motion of Defendant Mott's LLP[1] ("Defendant") to dismiss this action for lack of prosecution pursuant to Federal Rule of Civil Procedure Rule 41(b). ECF No. 17. *Pro se* Plaintiff Luther Charles ("Plaintiff") did not file an opposition to the motion. The Court has considered Defendant's submission and the record, and for the reasons set forth below, the Court will grant Defendant's motion and dismiss Plaintiff's complaint.

**II.    Background**

Plaintiff filed the instant Complaint on February 6, 2019 in the Superior Court of New Jersey, Middlesex County, alleging hostile work environment and retaliatory termination. ECF No. 1-1. On March 22, 2019, Defendant timely removed to this Court on diversity grounds. ECF No. 1. When Plaintiff initially filed his complaint in state court, he was represented by counsel. *See* ECF Nos. 1-1, 4, 8. However, on May 21, 2019, Plaintiff's counsel requested to withdraw from the case.[2] ECF No. 8. Plaintiff consented to the withdrawal and substituted himself as a *pro*

---

[1] Defendant Mott's LLP was incorrectly pled as "Keurig Dr Pepper Inc." *See* ECF No. 17-1 at 5.
[2] On April 11, 2019, Defendant advised Plaintiff's counsel that Plaintiff's claims may be barred by *res judicata* and collateral estoppel. ECF No. 17-2, Exh. C; *see Charles v. Mott's LLP*, No. 17-2879, 2018 WL 2002794, at *1 (D.N.J. Apr. 30, 2018). Plaintiff's counsel requested to withdraw from the case shortly thereafter. ECF No. 8.

*se* litigant, which the Court so ordered on May 23, 2019. ECF No. 9.  The following day, the Court granted Plaintiff's counsel's request to withdraw. ECF No. 10.

On June 11, 2019, Chief Magistrate Judge Mark Falk directed the parties to complete discovery by October 11, 2019. ECF No. 11.[3]  On August 21, 2019, Defendant wrote to Plaintiff to ask that he voluntarily dismiss his claims by August 28, 2019, citing discrepancies in Plaintiff's case and the desire to avoid the time and expense of further litigation. ECF No. 17-2, Exh. D.  Plaintiff allegedly did not respond to Defendant's letter. Id. at ¶ 8.  Furthermore, Plaintiff did not voluntarily dismiss his claims.

On August 29, 2019, Defendant served Plaintiff with a set of interrogatories, a request for the production of documents, several authorizations for release of information, and a notice scheduling Plaintiff's deposition for October 9, 2019. Id., Exh. E.  Defendant asserts that Plaintiff did not respond to its requests by October 1, 2019 (id. at ¶ 10), and thus, it sent Plaintiff a letter reminding him that his discovery responses were still needed. Id., Exh. F.  Plaintiff did not respond to this letter and did not provide Defendant with its requested discovery responses. Id. at ¶ 10.

On October 3, 2019, Defendant served Plaintiff with a proposed Rule 11 motion, advising Plaintiff that he had up to twenty-one days to voluntarily dismiss the Complaint and avoid the Court awarding sanctions and fees against him. Id., Exh. G.  Defendant contends that Plaintiff did not respond to the Rule 11 motion within the twenty-one-day safe harbor period. Id. at ¶ 11.[4]

---

[3] The Court notes that the order of discovery was returned as unclaimed on July 8, 2019. ECF No. 13.  There is no indication that any other Court notices were returned as unclaimed or undeliverable.

[4] A Rule 11 motion "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2); *see Bauer v. Roach*, No. 18-10613, 2020 WL 5627016, at *3 (D.N.J. Aug. 18, 2020) ("[A] party cannot file a motion for [Rule 11] sanctions until it first presents the motion to the offending party, and allows 21 days for the other

Having been unable to conduct discovery, on October 4, 2019, Defendant notified Plaintiff that his deposition was rescheduled due to his failure to provide responses to the discovery requests. Id., Exh. H. On the same day, Defendant also asked Judge Falk for a forty-five-day extension to carry out discovery since Plaintiff had not yet responded to defense counsel. ECF No. 14. Judge Falk granted the request on October 8, 2019, extending discovery to November 25, 2019 and directing the parties to appear for a telephone conference on October 18, 2019. ECF No. 15. Judge Falk further directed Plaintiff to provide Defendant and the Court with a working telephone number that he could be reached at for the conference. Id. However, the Court was not able to move forward with the conference as scheduled because Plaintiff did not respond and did not provide a working number to Defendant or the Court by the deadline. *See* ECF No. 17-2 at ¶ 15.

On November 8, 2019, Defendant filed the instant motion to dismiss Plaintiff's complaint with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. ECF No. 17. Defendant argues that dismissal for failure to prosecute is warranted because, as of the filing date, Plaintiff has failed to communicate with defense counsel regarding the case and has not engaged in any conduct that would suggest his continued interest in prosecuting this action. Id. at 2–18. On March 3, 2020, the Court administratively terminated the motion for 30 days to provide Plaintiff with the opportunity to file an opposition in response. ECF No. 18. Plaintiff did not oppose the motion within the 30 days allotted by the Court. Accordingly, the Court will now consider Defendant's motion to dismiss for lack of prosecution unopposed.

---

party to withdraw or correct the challenged issue.") (citing *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008)).

### III.     Legal Standard

Rule 41(b) of the Federal Rules of Civil Procedure concerns the involuntary dismissal of a civil action, providing that: "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b)[5]; *see Bush v. Dep't of Human Servs.*, 485 F. App'x 594, 596–97 (3d Cir. 2012) (describing dismissal under Rule 41(b) as a "harsh remedy" reserved for limited circumstances). A plaintiff's failure to act—when he knows that doing so will delay the trial—"is sufficient to constitute [a] 'failure to prosecute.'" *Jiminez v. Aramark Corp.*, No. 07-2758, 2008 WL 2837544, at *3 (D.N.J. July 21, 2008) (quoting *Adams v. Trustees of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 875 (3d Cir. 1994)). It need not be shown that the plaintiff acted affirmatively to delay a proceeding. *Adams*, 29 F.3d at 875 (3d Cir. 1994); *Opta Sys., LLC v. Daewoo Elecs. Am.*, 483 F. Supp. 2d 400, 404 (D.N.J. 2007). Moreover, although the Court recognizes that Plaintiff in this case is proceeding *pro se*, a plaintiff's *pro se* status does not excuse him from complying with the rules of discovery and court orders that other litigants must abide by. *Jiminez*, 2008 WL 2837544, at *3.

In determining whether dismissal is appropriate under Rule 41(b), this Court must weigh six factors: "(1) the extent of the party's responsibility; (2) the prejudice to the adversary caused by the party's action or inaction; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of alternate sanctions; and (6) the meritoriousness of the claim or defense." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868–69 (3d Cir.

---

[5] Rule 41(b) further provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

1984).  All six of the *Poulis* factors must be taken into consideration and, on balance, warrant dismissal. *$8,221,877.16 in U.S. Currency*, 330 F.3d 141, 162 (3d Cir. 2003); *Scarborough v. Eubanks*, 747 F.2d 871, 878 (3d Cir. 1984).  However, the Court need not find that all six factors are met in order to grant a defendant's motion to dismiss. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221–22 (3d Cir. 2003); *Hicks v. Feeney,* 850 F.2d 152, 156 (3d Cir. 1988).

**IV.     Discussion**

The Court finds that the *Poulis* factors warrant dismissal of Plaintiff's claims under Rule 41(b).  The first *Poulis* factor requires the court to evaluate "whether the misconduct that occurred is attributable to the party or the party's attorney." *Wortman v. Brown*, No. 05-1411, 2006 WL 1044787, at *2 (D.N.J. Apr. 18, 2006) (citing *Hicks*, 805 F.2d at 156).  Plaintiff is solely responsible for his inaction in these proceedings because he elected to proceed *pro se* and did not retain counsel, despite having sufficient time to retain one. *See* ECF No. 9; *Solomon v. Atl. City Hilton Casino and Resort*, No. 10-5701, 2013 WL 3070884, at *4 (D.N.J. Apr. 8, 2013), *report and recommendation adopted*, 2013 WL 2445015 (D.N.J. May 7, 2013) (concluding that *pro se* plaintiff became personally responsible for her failure to respond to discovery obligations when plaintiff was given sufficient time to retain counsel, yet did not do so); *see also Clarke v. Nicholson*, 153 F. App'x 69, 73 (3d Cir. 2005) (affirming district court's finding that a *pro se* plaintiff "is directly responsible for her actions and inaction in the litigation").  As Plaintiff's choices alone are responsible for the inability to conduct discovery, the first *Poulis* factor weighs in favor of dismissal.

Under the second *Poulis* factor, the Court must consider prejudice caused to the adversary, including by depriving the adversary of necessary information or the ability to prepare for trial. *Adams*, 29 F.3d at 874; *Hayes v. Nestor*, No. 09-6092, 2013 WL 5176703, at *4 (D.N.J. Sept. 12,

2013). Courts have found prejudice to a defendant where the plaintiff, like the plaintiff here: (1) failed to comply with discovery requests, *see Ware,* 322 F.3d at 222–24; *Hayes*, 2013 WL 5176703, at *4; or (2) hindered attempts to depose them, *see Clarke v. Nicholson*, 153 F. App'x 69, 73 (3d Cir. 2005) (finding second *Poulis* factor weighs in favor of dismissal where plaintiff failed to appear for deposition). Without any written discovery responses or executed authorizations for information and without Plaintiff's deposition, the Defendant is unable to move beyond the discovery phase and prepare for trial. Therefore, the second *Poulis* factor also weighs in favor of dismissal.

For the third *Poulis* factor, the Court must consider whether the plaintiff exhibited a history of dilatoriness throughout the proceeding. *Poulis*, 747 F.2d at 868. A history of dilatoriness may be shown by extensive or repeated delay, such as a consistent non-response to interrogatories or a failure to comply with court orders. *Soloman*, 2013 WL 3070884, at *5; *Opta Sys.*, 483 F. Supp 2d at 405. Since Plaintiff opted to proceed *pro se*, he has not responded to any discovery requests, letters from Defendant, or the current motion to dismiss. *See* ECF No. 17-2 at ¶¶ 8–11. Furthermore, Plaintiff has failed to abide by any of the Court's orders.[6] Based on this inaction, the Court finds that Plaintiff has exhibited a pattern of dilatoriness throughout this proceeding and that as a result, the third factor also weights in favor of dismissal. *See Soloman*, 2013 WL 3070884, at *5, *Opta Sys.*, 483 F. Supp 2d at 405.

The fourth *Poulis* factor requires the Court to consider whether a party's conduct was willful or in bad faith. *Poulis*, 747 F.2d at 868–69. Under the *Poulis* analysis, willfulness involves

---

[6] For example, Plaintiff has failed to abide by a single aspect of the October 8, 2019 Order, which: (1) required Plaintiff to provide discovery by a specific date; (2) required Plaintiff to provide a working telephone number to Defendant and the Court; and (3) ordered Plaintiff to attend a telephone conference. ECF No. 15.

intentional or self-serving behavior. *Adams*, 29 F.3d at 875.  Generally, "'negligent behavior' or 'failure to move with . . . dispatch', even if 'inexcusable,' will not suffice to establish willfulness or bad faith." *Solomon*, 2013 WL 3070884, at *5 (quoting *Chiarulli v. Taylor*, No. 08-4400, 2010 WL 1371944, at *3 (D.N.J. Mar. 31, 2010)); *see James v. Riordan*, No. 13-1667, 2016 WL 4544336, at *3 (D.N.J. Aug. 30, 2016) (finding that Plaintiff's inexcusable negligence for failing to prosecute his case in any meaningful way was insufficient to meet the *Poulis* standard for willfulness).  Plaintiff has not engaged in any overt delay tactics or made statements that would indicate willfulness or bad faith; his silence in this matter is ambiguous.  Because the Court is unable to determine whether Plaintiff's conduct is intentional, as opposed to negligent, the fourth *Poulis* factor is neutral. *See El-Hewie v. Paterson Pub. Sch. Dist.*, No. 13-5820, 2015 WL 5306255, at *4 (D.N.J. Sept. 10, 2015) (finding the fourth *Poulis* factor neutral because the court was unable to determine whether plaintiff's conduct was willful or in bad faith based on plaintiff's silence and lack of affirmative action).

Under the fifth *Poulis* factor, the Court must weigh the effectiveness and appropriateness of sanctions other than dismissal. *See Poulis*, 747 F.2d at 869.  The Third Circuit has identified several alternative sanctions a court can employ, including warnings, reprimands, and the imposition of fines and attorney's fees. *Solomon*, 2013 WL 3070884, at *5; *see Titus v. Mercedes–Benz of North America*, 695 F.2d 746, 759 n.6 (3d Cir. 1982).  These alternative sanctions are unlikely to be effective against Plaintiff because he "has indicated a desire to abandon [his] case by choosing not to participate in discovery, oppose Defendant's motion to dismiss, or comply with [c]ourt [o]rders." *Porten v. Auto Zone*, No. 10-2629, 2011 WL 2038742, at *3 (D.N.J. May 24, 2011); *see Deslonde v. New Jersey*, No. 09-03446, 2010 WL 4226505, at *3 (D.N.J. Oct. 21, 2010) (concluding that alternative sanctions would be ineffective where plaintiff did not oppose motion

7

to dismiss, and failed to respond and comply with discovery requests and court orders); *Wortman*, 2006 WL 1044787, at *2 (concluding that alternative sanctions would be ineffective where plaintiff blatantly failed to comply with court orders). Moreover, the Third Circuit has signaled that alternative monetary sanctions may be inappropriate against *pro se* plaintiffs. *Lee v. Volpe Express, Inc.*, No. 17-878, 2017 WL 6943399, at *2 (D.N.J. Oct. 20, 2017), *report and recommendation adopted*, 2018 WL 406047 (D.N.J. Jan. 12, 2018) (citing *Emerson*, 296 F.3d at 191 (3d Cir. 2002)). The Court finds, then, that the fifth *Poulis* factor favors dismissal.

Finally, for the sixth *Poulis* factor, the Court must consider the meritoriousness of Plaintiff's claim. *Poulis*, 747 F.2d at 869–70. Defendant argues that Plaintiff's claims are frivolous because: (1) a significant portion of the allegations are barred by the doctrines of *res judicata* and collateral estoppel as Plaintiff's prior lawsuit alleging the same conduct has already been dismissed with prejudice, *see Charles*, 2018 WL 2002794, at *1; and (2) Plaintiff was terminated for reporting to work intoxicated in violation of Defendant's policies, not for any discriminatory or retaliatory reason. ECF No. 17 at 19–20. However, the Court is unable to adequately assess the meritoriousness of Plaintiff's claim due to his failure to comply with Court orders or participate in discovery; therefore, the Court finds this factor neutral. *See Solomon*, 2013 WL 3070884, at *6 (finding sixth factor neutral where the court did "not have a sufficient basis upon which to evaluate the meritoriousness of [the p]laintiff's claims and need not do so in order to resolve the pending motions [to dismiss for failure to prosecute]."). Nevertheless, this does not change the conclusion that, on balance, the *Poulis* factors weigh towards dismissal. *See Ware*, 322 F.3d at 221 (finding that not all six factors must be met for dismissal to be warranted); *Hicks*, 850 F.2d at 156 (same).

Therefore, as the foregoing analysis demonstrates, consideration of the *Poulis* factors shows that dismissal of Plaintiff's action is appropriate under Rule 41(b) for his failure to prosecute this action.

**V.    Conclusion**

For the reasons set forth above, Defendant's Motion to Dismiss (ECF No. 17) is granted, and Plaintiff's Complaint (ECF No. 1-1) is dismissed; however, the dismissal will be *without prejudice* at this time.

Accordingly, IT IS on this 25th day of November, 2020, hereby

**ORDERED** that Defendant's motion to dismiss Plaintiff's complaint (ECF No. 17) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (ECF No. 1-1) is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff shall have thirty days from the date of this Opinion & Order to show cause why the Complaint should not be dismissed with prejudice; if Plaintiff fails to respond within the thirty-day period, the Complaint will be dismissed with prejudice without further discussion; and it is further

**ORDERED** that the Clerk of the Court shall serve this Opinion & Order upon Plaintiff.

DATED: November 25, 2020

**CLAIRE C. CECCHI, U.S.D.J.**

9